IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BRADLEY FELIX HILTON,              §
                                   §
                Plaintiff,         §
                                   §
V.                                 §          No. 3:15-cv-933-BN
                                   §
CAROLYN W. COLVIN,                 §
Acting Commissioner of Social Security, §
                                   §
                Defendant.         §

## MEMORANDUM OPINION AND ORDER

Plaintiff Bradley Felix Hilton seeks judicial review of a final adverse decision of

the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons

explained below, the hearing decision is affirmed.

### Background

Plaintiff alleges that he is disabled as a result of hepatitis C; obstructive sleep

apnea; sleep disorders from prior military service; neck and back pain; mental health

issues; concentration problems; and headaches. *See* Administrative Record, Dkt. Nos.

15-16 ("Tr.") at 218. After his applications for disability insurance benefits and

supplemental security income ("SSI") benefits were denied initially and on

reconsideration, Plaintiff requested a hearing before an administrative law judge

("ALJ"). That hearing was held on August 29, 2014. *See id* at 35-52. At the time of the

hearing, Plaintiff was forty-seven years old. He is a high school graduate, attended

college for two years earning an Associate of Arts and Associate of Science and

Respiratory, *see id.* at 39, and has past work experience as a respiratory therapist. Plaintiff has not engaged in substantial gainful activity since January 11, 2014. *See id.* at 13.

The ALJ found that Plaintiff was not disabled and therefore not entitled to disability or SSI benefits. Although the medical evidence established that Plaintiff suffered from hepatitis C, degenerative disc disease of the lumbar and cervical spine, and affective disorder, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that Plaintiff had the residual functional capacity to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) but could not return to his past relevant employment. *See id.* at 23-28. Relying on a vocational expert's testimony, the ALJ found that Plaintiff was capable of working as a cleaner-housekeeper, photocopy machine operator, and routing clerk – jobs that exist in significant numbers in the national economy. *See id.* at 28-29. Given his age, education, and exertional capacity for light work, the ALJ determined that Plaintiff was not disabled under the Medical-Vocational Guidelines.

Plaintiff appealed that decision to the Appeals Council. The Council affirmed.

Plaintiff then filed this action in federal district court. In a single ground for relief, Plaintiff contends that the ALJ failed to give proper weight to Plaintiff's treating psychiatrist.

The Court determines that the hearing decision must be affirmed in all respects.

## Legal Standards

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether Commissioner applied the proper legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Copeland*, 771 F.3d at 923. The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Copeland*, 771 F.3d at 923; *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). The Court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

"In order to qualify for disability insurance benefits or [supplemental security income], a claimant must suffer from a disability." *Id.* (citing 42 U.S.C. § 423(d)(1)(A)). A disabled worker is entitled to monthly social security benefits if certain conditions are met. *See* 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage

-3-

in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id.* § 423(d)(1)(A); *see also Copeland*, 771 F.3d at 923; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1.  The hearing officer must ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2.  The hearing officer must determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3.  The hearing officer must decide if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. The hearing officer must make this determination using only medical evidence.

4.  If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his or her past work despite any limitations.

5.  If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See* 20 C.F.R. § 404.1520(b)-(f); *Copeland*, 771 F.3d at 923 ("The Commissioner typically uses a sequential five-step process to determine whether a claimant is disabled within the meaning of the Social Security Act. The analysis is: First, the

claimant must not be presently working. Second, a claimant must establish that he has an impairment or combination of impairments which significantly limit [her] physical or mental ability to do basic work activities. Third, to secure a finding of disability without consideration of age, education, and work experience, a claimant must establish that his impairment meets or equals an impairment in the appendix to the regulations. Fourth, a claimant must establish that his impairment prevents him from doing past relevant work. Finally, the burden shifts to the Secretary to establish that the claimant can perform the relevant work. If the Secretary meets this burden, the claimant must then prove that he cannot in fact perform the work suggested." (internal quotation marks omitted)); *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007) ("In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity.").

The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Copeland*, 771 F.3d at 923; *Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive

and terminates the analysis. *See Copeland*, 771 F.3d at 923; *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.* However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

-6-

## Analysis

Plaintiff contends that the ALJ improperly weighed the opinion of his treating psychiatrist, Dr. Rachel Russo, that he is unable to work and has moderate episodes of mental decompensation. *See* Dkt. No. 23 at 3.

The opinion of a treating physician who is familiar with the claimant's impairments, treatments, and responses should be accorded great weight in determining disability. *See Leggett v. Chater*, 67 F.3d 558, 566 (5th Cir. 1995); *Greenspan*, 38 F.3d at 237. A treating physician's opinion on the nature and severity of a patient's impairment will be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with ... other substantial evidence." *Martinez,* 64 F.3d at 175-76 (citing 20 C.F.R. § 404.1527(c)(2)). And "[t]he opinion of a specialist generally is accorded greater weight than that of a non-specialist." *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000).

But "the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion" and when good cause is shown. *Id*. at 455. An ALJ may show good cause "where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence." *Id*. at 456.

20 C.F.R. § 404.1527(c)(2) requires the ALJ to consider specific factors "to assess the weight to be given to the opinion of a treating physician when the ALJ determines

that the opinion is not entitled to 'controlling weight.'" *Id.* at 455-456 (internal quotations omitted). Specifically, the ALJ must consider:

> (1) the physician's length of treatment of the claimant;
> (2) the physician's frequency of examination;
> (3) the nature and extent of the treatment relationship;
> (4) the support of the physician's opinion afforded by the medical evidence of record;
> (5) the consistency of the opinion with the record as a whole; and
> (6) the specialization of the treating physician.

*Id.* at 455; 20 C.F.R. § 404.1527(c)(2). But, in decisions construing *Newton v. Apfel*, the United States Court of Appeals for the Fifth Circuit has explained that "[t]he *Newton* court limited its holding to cases where the ALJ rejects the sole relevant medical opinion before it." *Qualls v. Astrue*, 339 F. App'x 461, 467 (5th Cir. 2009). Therefore, where there are competing opinions of examining physicians, the ALJ need not necessarily set forth his analysis of the Section 404.1527(c) factors when declining to give controlling weight to a treating physician. *See id.* at 466-67.

The ALJ permissibly discounted Dr. Russo's conclusory statement. *See* Tr. at 27. Dr. Russo wrote that Plaintiff "is currently unable to work." *See* Tr. at 15, 466, 522, 777-778. Plaintiff argues that the ALJ should have given Dr. Russo's statement controlling weight because it is uncontroverted by other medical opinions. Dkt. 23 at 4. But statements, like Dr. Russo's, asserting that a claimant is unable to work, are legal conclusions, not medical opinions, and are not entitled to any special significance and may be discounted without the ALJ engaging in a Section 404.1527 (c)(2) analysis. *See* 20 C.F.R. § 416.927(d); *see also Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003).

The Fifth Circuit has distinguished between the weight given to a treating physician's medical opinion on the nature and severity of an impairment and his opinion on whether the patient is disabled and cannot work. *See Miller v. Barnhart*, 211 F. App'x 303, 305 (5th Cir. 2005). An ALJ is not required to justify a decision to give little weight to a physician's opinion that a patient is disabled or unable to work because the ALJ need not give special weight to treating physicians' opinions if they have no special significance. *See id.* (citing *Frank,* 326 F.3d at 620). And "[a]mong the opinions by treating doctors that have no special significance are determinations that an applicant is 'disabled' or 'unable to work.' 20 C.F.R. § 404.1527(e)(1). These determinations are legal conclusions that the regulation describes as 'reserved to the Commissioner.'" *Id.*

The ALJ also had good cause to discount Dr. Russo's decompensation opinion. Again, Dr. Russo opined that Plaintiff's depression caused moderate episodes of decompensation in work or work-like settings. *See id.* at 18, 516, 1606.

> Episodes of decompensation are exacerbations or temporary increases in symptoms or signs accompanied by a loss of adaptive functioning [and] may be inferred from medical records showing significant alteration in medication; or documentation of the need for a more structured psychological support system (e.g., hospitalizations, placement in a halfway house, or a highly structured and directing household)....

20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ gave moderate weight to Dr. Russo's opinion because Plaintiff "largely had normal functioning during his alleged period of disability ... [and his] mental status examinations have been largely normal." Tr. at 27; *see also* Dkt. No. 23 at 3. For instance, Dr. Johnson noted that Plaintiff had no abnormal thought content. *See* Tr. at 18, 544. Further, although not examining

physicians, Dr. Leela Reedy and Dr. Thomas Geary, state agency reviewing psychiatrists, found that Plaintiff exhibited no episode of decompensation. *See id.* at 17, 19,58, 82. Because Dr. Russo's opinion is inconsistent with substantial evidence in the record, including the longitudinal record and Dr. Johnson's examination report that the ALJ cited, the ALJ properly gave Dr. Russo's opinion less weight. *See Newton*, 209 F.3d at 458; *Qualls*, 339 F. App'x at 466-67.

Although Plaintiff's brief also states that the ALJ found Dr. Russo's "opinion of moderate limitations in the domain of concentration, persistence or pace is not supported by the record," the Court understands that statement to be a typographical error. Dkt. No. 23 at 3. The ALJ gave significant weight to Dr. Russo's opinion regarding Plaintiff's moderate limitation in concentration, persistence, or pace, as Plaintiff acknowledges in the preceding sentence in his brief. *See id.*; *see also* Tr. at 23, 27.

In sum, the ALJ was entitled to reject Dr. Russo's conclusory statements regarding Plaintiff's inability to work and, based on substantial evidence in the record, had good cause to discount her findings on Plaintiff's episodes of decompensation.

## Conclusion

The hearing decision is affirmed in all respects.

DATED: February 22, 2016

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE